■ ADAM NARDELLI, Respondent, v MELVIN STAMBERG et al., Appellants. —In an action to recover damages for malicious prosecution and false arrest, defendants appeal from (1) a judgment of the Supreme Court, Suffolk County, entered November 7, 1975, which, upon a jury verdict, was in favor of plaintiff and against them in the amount of $50,000 ($15,000 representing compensatory damages and $35,000 representing exemplary damages), and (2) an order of the same court, dated December 10, 1975, which denied their motion, *inter alia,* to set aside the verdict and for a new trial on the ground of newly discovered evidence. By order dated May 12, 1977, which amended a prior order dated January 24, 1977 (55 AD2d 929) this court, *inter alia,* (1) affirmed the order and (2) reversed the judgment insofar as it awarded exemplary damages and dismissed that cause of action. The findings of fact as to liability were affirmed. On June 6, 1978 the Court of Appeals (1) reversed the order of this court, insofar as it reversed so much of the judgment of the Trial Term as awarded exemplary damages and dismissed the claim seeking such damages, and (2) remitted the case to this court for review of the award therefor in the exercise of discretion. Judgment reversed as to exemplary damages, on the law, without costs or disbursements, and new trial granted with respect to that issue only, with costs to abide the event, unless, within 20 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor as to exemplary damages to $10,000 and to the entry of an amended judgment accordingly, in which event, the judgment in his favor, as so reduced and amended, is affirmed, without costs or disbursements. The award of exemplary damages was excessive to the extent indicated herein. Hopkins, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.